LANDRY, Judge.
(Concurring).
Most reluctantly, I agree with the majority ruling that In re Ackenhausen, 244 La. 730, 154 So.2d 380, is decisive of the issue at hand.
The majority opinion correctly applies the rule in Ackenhausen, above, that, to forfeit parental right to consent to an adoption of one’s children, only two requirements are made by the applicable statute, namely, failure to pay support for one year, and the absence of a showing of good cause for such failure, or that such failure was due to circumstances beyond the control of the parent owing support.
The majority opinion, however, ignores appellee’s argument, that notwithstanding Ackenhausen, In re Bickerstaff, 190 So.2d 117 (La.App. Fourth Circuit), and In re Hughes, 176 So.2d 158 (La.App. Fourth Circuit), are authority for the rule that trial courts are vested with discretion in matters of this nature, and that failure to pay support, without just cause, does not per se forfeit parental right to adoption, but rather, that such failure must be accompanied by action over a long period of time indicative of an attitude of total disregard of parental responsibility toward the child or children concerned.
*211 My appreciation of Hughes, above, is that it does not go so far as is contended by appellee herein. In my view, Hughes expressly recognizes and endorses the rule announced in Ackenhausen and LaFitte to the effect that the statute in question is to be narrowly construed and that a literal application of the legislative test of nonpayment could lead to harsh consequences. Hughes agrees with a cautious application of the law as announced in Ackenhausen and LaFitte. In line with this principle, Hughes concludes that in determining whether nonpayment of support is without just cause, consideration should be given to the obstacles which a vindictive parent with custody places between the other parent and the child which render it difficult, if not impossible, for the parent without custody to demonstrate parental responsibility. Based on these precepts, the court in Hughes found that the father’s failure to pay was based on good cause. Bickerstaff contains language similar to that appearing in Hughes, but it should be noted that in Bickerstaff it was expressly found that the contention that the father did not support his child for a year previous to suit was not true.
I am significantly impressed by the dicta in Hughes and Bickerstaff, above, which clearly implies that, even where there is failure to pay support for a year without good cause, parental consent to adoption should not be dispensed with unless the offending parent is also guilty of a protracted attitude of gross disregard for the interest and welfare of the child involved. I echo the reasons for such a rule advanced in the cited authorities, namely, that the scope and sanctity of the parental relationship is justification therefor.
In both Ackenhausen and LaFitte, the Supreme Court squarely held that whereas the act is to be strictly construed, it will not be so rigidly interpreted as to render it inoperative or ineffective. In this regard, I note that in Ackenhausen, the court refused to interpret the act so rigidly as to confine its application to cases involving a complete refusal to pay any sum whatsoever, and declined to hold that a token payment would render the law inoperative. On the other hand, I believe it significant that the court in Ackenhausen and LaFitte did, in fact, restrict the scope of the statute by qualifying the language. “The other legitimate parent has refused or failed to comply with a court order of support for a period of one year” to mean that such failure must be without good cause or not due to circumstances beyond the parent’s control. If the Supreme Court can properly restrict the statute to the extent indicated in Acken-hausen and LaFitte, I believe there are impelling reasons for the further restriction suggested in Hughes and Bickerstaff.
In addition to the reasons set forth in Hughes and Bickerstaff, I believe it pertinent to observe that cases of this nature are not concerned with a mere forfeiture of custody. In these cases, custody has already been determined adversely to the parent whose consent to adoption is sought to be dispensed with. Cases of this nature deal with the complete severance of all legal relationship between parent and child. If the adoption is permitted, the natural parent is shorn of all legal connection with his child as completely and as utterly as though the affinity were ended by death. Such an awesome result is, in my opinion, not to be lightly imposed.
I believe the basic nature of the parental relationship such that it is to be protected with every constitutional safeguard, including resolution of every reasonable doubt in favor of continuance thereof. Consequently, I am of the view such a relationship is not to be severed except for most grave and far reaching reasons. I am also of the view that the rule suggested in Hughes would not render the statute meaningless, but rather would afford trial courts adequate opportunity to exercise the broad discretion which I believe the constitution vests in them in dealing with a matter of such delicacy.
I concede that present appellee has forfeited his right to consent pursuant to *212 Ackenhausen and LaFitte. However, I believe that if the rule suggested in Hughes were adopted, the record herein does not justify the finding that appellee has, over a long period of time, displayed such a gross disregard for the interest and welfare of his children as to have forfeited his right to consent to their adoption.
I concur in the majority holding.